UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VIVIAN BRANDON,                              )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )         No. 4:10CV2193 TCM
                                             )
COUNTY OF ST. FRANCOIS, et al.,              )
                                             )
            Defendants.                      )

**OPINION, MEMORANDUM AND ORDER**

Plaintiff Brandon has filed a motion for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Although Plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, her complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Vivian Brandon, acting pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking to proceed on behalf of her deceased son, Fredrick Brandon. Ms. Brandon states that her son committed suicide on June 9, 2010 while incarcerated at the St. Francois County Jail. She alleges that she is pursuing the instant action as a "plaintiff ad-Litem," on behalf of her late son. Ms. Brandon claims that the named defendants were remiss in failing to place her son on "suicide watch," so that his suicide could have been prevented. Ms. Brandon has not indicated the capacity in which she is bringing the present lawsuit; whether she is an executor of her son's estate, or simply a beneficiary. What is clear is that Ms. Brandon is not licensed to practice law in this Court. As such, Ms. Brandon cannot proceed with her action at this time.

Pursuant to 28 U.S.C. § 1654, a person who has not been admitted to the practice of law may not represent anyone other than herself in federal court. Moreover, an administrator or executor of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant; where there are other beneficiaries, an account cannot be described as the litigant's own, because the personal interests of the estate, other survivors and possible creditors will be affected by the outcome of the proceedings. Guest v. Hansen, 603 F.3d 15 (2d Cir. 2010).

Given the aforementioned, the Court will dismiss Ms. Brandon's case at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of December, 2010.

 

 

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE